## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 06-33821-7 |
| Michele M. Masella | ) | Judge Richard L. Speer |
| Debtor | ) | <u>OBJECTION TO UNITED STATES</u> <u>TRUSTEE'S MOTION TO DISMISS</u> |
| | ) | <u>PURSUANT TO 11 U.S.C. SECTIONS</u> <u>707(b)(2)&(3)</u> |

* * * * *

Now comes the Debtor, Michele M. Masella, by and through her counsel, Elliot H. Feit, and objects to the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. Sections 707(b)(2)&(3) for reasons as follow:

**Factual Background**

1.  Debtor basically agrees with the United States Trustee's statements in paragraphs one, two, three and four.

2.  Although Debtor agrees with the statements made by the United States Trustee in paragraph five, Debtor disagrees with the premise that adjustments should be made to the means test that would raise the presumption of abuse.

**Debtor's Surrender of Secured Property**

3.  The United States Trustee states that although the Debtor is liable for $1,230.00 a month in secured mortgage payments over the next 60 months, he states that she is not entitled to the $1,230.00 deduction, simply because she is surrendering her residence. The United States Trustee argues she should only be entitled to $732.00 in housing expenses.

**Legal Authority**

4. In paragraphs nine and ten, the United States Trustee is stating the law, not facts.

5. In paragraphs thirteen and fourteen, the United States Trustee is mindful of this court's decision in In Re Harr, _____ B.R. _____, 2006 WL 521221 (Bankr. N.D. Ohio 2007). He nevertheless continues to argue that Debtor should not have taken the full deductions of her mortgage payments that are due over the next 60 months, because she is surrendering the residence. In fact, the United States Trustee states that this argument is being made just in case, "...the Court be inclined to reconsider its previous ruling that a debtor is permitted to deduct future payments on secured claims for property to be surrendered."

6. The United States Trustee's fallback position is Section 707(b)(3) of the Bankruptcy Code. As the United States Trustee points out in paragraphs eleven and twelve, the Court can dismiss the Debtor's case if the totality of the circumstances demonstrates abuse pursuant to Section 707(b)(3). In paragraph twelve, the United States Trustee cites In Re Krohn, 886 F.2d 123, 126 (6th Cir. 1989), to establish the principal that there should be a standard of fair play and honorable dealing. Debtor points out that the facts of the Krohn case are most extreme in that there were obscene amounts listed for food, recreation, cigars, clothing and other luxury items for two people. That case did deal with the standard of substantial abuse and now we are simply dealing with abuse. Obviously, abuse is a lesser standard then substantial abuse. However, abuse still implies a certain amount of foul play committed by the debtor that deprives the creditors of some payback of some sum of money. Debtor does not believe that her case, basically Schedule J, arises to the level of abuse.

7. The Court needs to note that the only reason this Debtor was over the median income at the time the case was filed was due to alimony in the amount of $600.00 per

month, which will end October of 2008, and $828.61 in child support for one of her two children, that will terminate in June of 2009.

8.  The United States Trustee is attacking Schedule J, taking the position that Debtor is spending so much money on her living expenses that it amounts to an abuse, compared to the rights of the creditors to receive some money.  Again, the United States Trustee criticizes the claimed mortgage expenses for which she is bound to make so long as the debt is still in existence at the time of filing and is secured.  These payments are $1,230.00 per month.

9.  The United States Trustee also objects to the utilities and home maintenance expenses of $410.00 a month which "may" be reduced from the surrender of the residence. However, I do not believe that speculation is relevant at this point as Debtor still lives in the property and these are what her utilities are.

10.  The United States Trustee states that $200.00 is too much for auto maintenance for two vehicles, one being four years old and the other one being six years old with 107,000 miles on it.  Debtor is prepared to produce receipts for car repairs that more than substantiate these amounts.

11.  Further, the United States Trustee criticizes the $150.00 in miscellaneous expenses and $86.00 for monthly recreation expense.  Undersigned counsel does not believe that $20.00 per week is too much to be spending for a family of three on recreation, which includes newspapers, magazines, books, video rentals and other little things in life to keep one's sanity.  Regarding the $150.00 miscellaneous expense, this is what is allowed in the Means Test.  Not that the Means Test is a total guide to what someone should be spending, the miscellaneous does recognize the fact that people have expenses that pop up that cannot accurately be tucked into the categories that are listed on Schedule J.  This could be birthday

3

presents, certain holiday presents, an emergency room bill, extra medication, school activity expense, or things that come up that cannot be anticipated for. Undersigned counsel believes that debtors are entitled to some sort of cushion, because the Schedule J does not account for each and every expense, which changes from month to month. Her expenses are in the realm of reasonableness, not abuse.

**Conclusion**

The bottom line here is that Debtor is not living a life style that abusive. She works and supports two children, albeit with child support and spousal support. However, this support is of limited duration.

Regarding the child support, this money is being paid for the needs of the youngest of the two children, the oldest being emancipated. This is for the support of the child, not necessarily the unsecured creditors of the debtor. This is true considering public policy reasons and the guidelines for child support that are mandated by the Ohio State Legislature and enforced in the County Divorce Courts, which amounts are to be used for support of the children. Therefore, to simply say it is an abuse, because it seems like too much money to the United States Trustee, is wrong. The child support alone can justify the budget in Schedule J due to the fact that this amount is allotted for the youngest child's father's share of the support for that child. This includes her school needs, clothing, food and other miscellaneous expenses. This fact needs to be taken into consideration in viewing Schedule J for purposes of whether or not there is abuse.

Regarding the alimony, this is meant to help the Debtor get back on her feet, which is the same purpose of the Chapter 7, provided that it is not an abuse to the system and the unsecured creditors. Debtor and undersigned counsel do not believe that this is the case at bar.

4

Respectfully submitted,


/s/ Elliot H. Feit
Elliot H. Feit (0010873)
Attorney for Debtor
930 Spitzer Building
Toledo, Ohio 43604
(419) 241-6285
(419) 241-8003 (Facsimile)

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed to the Debtor, Michele M. Masella, 814 Askin St., Maumee, Ohio 43537, by ordinary U.S. Mail, and electronically mailed to Derrick V. Rippy, Trial Attorney, Office of the United States Trustee at Derrick.V.Rippy@usdoj.gov and to Douglas A. Dymarkowski, Chapter 7 Trustee, at ddymarkowski@fspproperties.com, this 27th day of April, 2007.


/s/ Elliot H. Feit
Elliot H. Feit,
Attorney for Debtor

5